## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:10-CV-401-MOC-DCK

| | | |
|---|---|---|
| **EARL KELLEY LANE, Executor of the**<br>**Estate of Lucile H. Lane,** | ) )  ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | **ORDER** |
| **ENDURANCE AMERICAN SPECIALTY**<br>**INSURANCE COMPANY,** | ) ) ) | |
| **Defendant.** | ) ) | |
| _____ | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Endurance American Specialty Insurance Company's Motion To Strike Certain Portions Of Plaintiff's First Amended Complaint As Violating Rule 408 Of The Federal Rules Of Evidence" (Document No. 37). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for review. Having carefully considered the motion, the record, and the arguments of the parties, the undersigned will deny the motion.

### BACKGROUND

Plaintiff Earl Kelley Lane ("Plaintiff"), as Executor of the Estate of Lucille H. Lane, initiated this action on July 26, 2010, with the filing of a "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina. The original complaint asserted a claim for breach of contract against Defendant Endurance American Specialty Insurance Company ("Defendant") and sought relief in the amount of $900,267.74. (Document No. 1-1, p.3). Defendant filed a "Notice Of Removal" (Document No. 1) to this Court on August 25, 2010.

On February 8, 2011, the undersigned allowed "Plaintiff's Motion To Amend Complaint."

(Document No. 28). Plaintiff's "First Amended Complaint" (Document No. 32) was filed February 9, 2011. The First Amended Complaint ("Complaint") added claims for: (1) tortious breach of contract – bad-faith refusal to settle; and (2) unfair and deceptive trade practices; as well as additional relief including punitive or trebled damages. (Document No. 32).

The crux of the Complaint is Plaintiff's contention that Defendant is liable for the judgment Plaintiff received in <u>Chase Bank USA, N.A. v. Earl Kelley Lane</u>, 3:09-CV-47-FDW-DCK (W.D.N.C. Jan. 24, 2011) ("Underlying Action"), against Nations Title Agency of the Carolinas, Inc. ("NTA-C"). (Document No. 32). Plaintiff alleges that NTA-C is a named insured under a policy of insurance issued by Defendant, and that the judgment in the Underlying Action is within the coverage terms of either a 2008-2009, or a 2009-2010 policy. <u>Id.</u> Plaintiff argues that Defendant refused to settle, or to pay the judgment, in the Underlying Action "without any just cause either in law or equity." (Document No. 32, p.5).

Defendant's pending "...Motion To Strike..."(Document No. 37) pursuant to Fed.R.Civ.P. 12(f), seeks to have certain portions of the Complaint stricken. Specifically, Defendant contends that portions of the Complaint refer to settlement positions in *this* lawsuit, in violation of Federal Rule of Evidence 408 ("Rule 408"). (Document No. 37). Defendant also contends that the Complaint improperly includes accusations of conduct in violation of Fed.R.Civ.P. 11. <u>Id.</u>

"Plaintiff's Response To Motion To Strike" (Document No. 40) was filed March 14, 2011; and Defendant's "...Reply In Support Of Motion To Strike..." (Document No. 45) was filed March 24, 2011. As such, the pending motion is now ripe for disposition.

## DISCUSSION

Defendant requests that the Court strike the following portions of the Complaint which it contends refer to settlement positions or discussions regarding this lawsuit, and therefore violate Rule

408:

> Paragraph 27:  the words "both" and "and after";
>
> Paragraph 28 in its entirety;
>
> Paragraph 29:  the words "and after" and the words "or to offer any compromise settlement";
>
> Paragraph 30 in its entirety;
>
> Paragraph 31:  the words "or settle"

(Document No. 37).

Defendant also seeks to have paragraph 32 stricken, arguing that it improperly contains allegations that constitute accusations of conduct that violate Rule 11.  Plaintiff had conceded the motion as to paragraph 32, and previously agreed it should be stricken.  (Document No. 40, pp.4-5, 8-9) (Plaintiff "acknowledges that Knotts and other cases prohibit or limit proof of 'litigation conduct' as evidence in support of a claim for bad faith refusal to settle.").  Despite its earlier concession, "Plaintiff's Response..." indicates that he now opposes the motion and contends that a decision on paragraph 32 "is better left for an evidentiary ruling at trial."  (Document No. 40, p.5).

The other portions of the Complaint in dispute relate to Plaintiff's second claim for relief for tortious breach of contract – bad-faith refusal to settle.  (Document No. 32, pp.3-6).  "In order to recover punitive damages for the tort of an insurance company's bad faith refusal to settle, the plaintiff must prove (1) a refusal to pay after recognition of a valid claim, (2) bad faith, and (3) aggravating or outrageous conduct."  Defeat The Beat, Inc. v. Underwriters At Lloyd's London, 194 N.C.App. 108, 119 (2008) (quoting Lovell v. Nationwide Mutual Ins. Co., 108 N.C.App. 416, 420, *aff'd in part, dismissed in part*, 334 N.C. 682 (1993));  see also, Flick Mortg. Investors, Inc., v. Chicago Title Ins. Co., 3:09CV125-MR-DSC, 2009 WL 6506863 (W.D.N.C. June 18, 2009).

Rule 408 of the Federal Rules of Evidence provides in pertinent part that:

> Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
> . . .
> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

Fed.R.Evid. 408(a). This Court has observed that the "purpose of this rule is to encourage settlements which would be discouraged if such evidence were admissible." Petty v. Freightliner, 122 F.Supp.2d 666, 669-70 (W.D.N.C. 2000). A party cannot "later seek to introduce the proposed terms of the settlement as proof of bad intent." Id.

Defendant moves to strike certain portions of the Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Document No. 37). The Fourth Circuit has noted that the law governing motions to strike brought under Fed.R.Civ.P. 12(f) is that they "are to be granted infrequently." Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc., 227 Fed.Appx. 239, 247 (4th Cir. 2007).

> This court has rarely been called upon to interpret Rule 12(f), which states, in pertinent part, that: "Upon motion made by a party ... or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense **or any redundant, immaterial, impertinent, or scandalous matter**." Because the rule is stated in the permissive, however, it has always been understood that the district court enjoys "liberal discretion" thereunder. . . . Despite this broad discretion however, striking a party's pleadings is an extreme measure, and, as a result, we have previously held that "[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted."

Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (4th Cir. 2000) (citations omitted)(emphasis added). Notably, Defendant has not argued that the text it wishes to strike is redundant, impertinent,

or scandalous pursuant to Fed.R.Civ.P. 12(f).

Despite the limited and disfavored application of Rule 12(f), Defendant argues that the identified portions of the Complaint reference settlement negotiations during the course of *this* litigation, not the Underlying Action, and therefore must be stricken. (Document No. 38). Defendant does not "seek to strike references that Plaintiff made in his amended complaint that pertain to Endurance's position regarding settlement of the underlying action." (Document No. 38, p.45). Defendant contends that evidence of its conduct in this action "is irrelevant, prejudicial, inadmissible under Rule 408 . . . and is immaterial to Plaintiff's bad faith claim." (Document No. 38, p.45).

The issue before the Court on a Rule 12(f) motion is not whether evidence is admissible, but whether it is immaterial, impertinent, and scandalous. Goodman Distribution, Inc. v. Haaf, 2010 WL 4117379 at *10 (E.D.Mo. Oct. 19, 2010). "Rule 12 is directed to allegations in a complaint, not to the admissibility of evidence." Id. Defendant relies on the contention that the cited portions of the Complaint are "immaterial" under Rule 12(f), and must therefore be stricken. (Document No. 45, p.5).

In response, Plaintiff asserts that Rule 408 may not be used to exclude evidence that shows the bad-faith failure of an insurance carrier to settle. (Document No. 40). Plaintiff relies in part on a case from the Supreme Court of Kentucky that it contends "collects and joins authorities holding that settlement conduct by the insurer during coverage litigation is admissible on a claim of bad faith." (Document No. 40, p.4) (citing Knotts v. Zurich Ins. Co., 197 S.W.3d 512, 517-18 (Ky. 2006)); see also, Olin Corp. v. Insurance Co. of North America, 603 F.Supp. 445, 450 (S.D.N.Y. 1985) ("Rule 408 may not exclude evidence that shows the bad faith failure of an insurance carrier to settle"); Oset v. Interstate Brokerage of Southeast, Inc., 1999 WL 33236225 at *3 (E.D.N.C. Nov. 30, 1999) (denying 12(f) motion to strike language supporting allegation of bad faith, citing Rule

408). Plaintiff argues that the <u>Knotts</u> opinion shows that conduct occurring after the commencement of litigation, including post-litigation settlement communication, can be admissible. <u>Id.</u>

Defendant contends that Plaintiff's reliance on <u>Knotts</u> is misplaced because the issue in Knotts "was not whether the insurer's duty of good faith and fair dealing ended when the contractor filed the bad faith action," but rather, was "whether evidence of the insurer's bad faith that occurred during litigation of the underlying claim was admissible in the bad faith action." (Document No. 45, p.4). Defendant reasons that Plaintiff does not contend that Defendant has acted in bad faith in failing to settle *this* action, and therefore, Plaintiff's averments regarding Defendant's conduct in this action are "wholly immaterial." (Document No. 45, pp.4-5).

Defendant argues that <u>Niver v. Travelers Indem. Co. of Ill.</u>, 433 F.Supp.2d 968 (N.D. Iowa, 2006) is more analogous to the instant case than <u>Knotts</u>. Defendant contends that in <u>Niver</u> the court held that evidence of settlement conduct during that action was not admissible under Rule 408. Although there are similarities between this case and <u>Niver</u>, that decision was in the context of a motion *in limine*, not a Rule 12(f) motion. The undersigned is reluctant under the circumstances to apply the <u>Niver</u> analysis to the instant case.

Plaintiff has identified language that appears applicable to this situation:

> Considering the disfavor with which motions to strike are looked upon, a court ordinarily will not strike a matter unless the court can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation and prejudicial to the objecting party.

(Document No. 32, p.5) (quoting <u>Federal Nat. Mortg. Ass'n v. Cobb</u>, 738 F.Supp. 1220, 1224 (N.D.Ind. 1990)). Other recent decisions offer the following guidance:

> A matter should not be stricken unless it clearly can have no possible bearing on the subject matter of the litigation. . . . If there is any doubt whether the matter may raise an issue, the motion should be

6

> denied. If allegations are redundant or immaterial, they should be stricken only if prejudicial to the moving party.

Goodman Distribution, Inc. v. Haaf, 2010 WL 4117379 at *10 (E.D.Mo. Oct. 19, 2010) (citations omitted).

> As the moving party, Defendant bears the burden of persuading this Court that the relevant paragraphs should be stricken. ... Defendant must show: 1) that the material is redundant, immaterial, impertinent, or scandalous or that the requested relief is unavailable and 2) how such material will cause prejudice. .... Any doubt regarding the redundancy, immateriality, impertinence, scandalousness or insufficiency of a pleading must be decided in favor of the non-movant. . . . Disputes over Rule 408 should be resolved as evidentiary matters with motions *in limine* rather than prematurely in Rule 12(f) motions.

TriQuint Semiconductor, Inc. v. Avago Technologies, Ltd., 2010 WL 3034880 at *3-4 (D.Ariz. Aug. 3, 2010) (citations omitted).

## CONCLUSION

Based on the foregoing, the undersigned will deny Defendant's "...Motion To Strike..." (Document No. 37). In short, neither party has cited caselaw that squarely addresses the issue before the Court. Moreover, the undersigned is not persuaded that Defendant has satisfied its burden, in the context of a disfavored Rule 12(f) motion, such that the Court should take the extreme measure of striking portions of Plaintiff's Complaint. In particular, Defendant has not persuasively argued that the language it seeks to strike is both immaterial and prejudicial. Although the parties' dispute presents a closer call as to paragraph 32, the undersigned will decline to order that it be stricken at this time based on the stringent Rule 12(f) standard discussed herein. The better course at this stage is to leave the Complaint as is, without prejudice to Defendant to raise its arguments in a later dispositive motion, or perhaps at an evidentiary hearing.

**IT IS, THEREFORE, ORDERED** that Defendant Endurance American Specialty Insurance Company's Motion To Strike Certain Portions Of Plaintiff's First Amended Complaint As Violating Rule 408 Of The Federal Rules Of Evidence" (Document No. 37) is **DENIED WITHOUT PREJUDICE**.

Signed: April 8, 2011

David C. Keesler
United States Magistrate Judge