# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10-CV-401-MOC-DCK

| | |
|---|---|
| **EARL KELLEY LANE**, Executor of the Estate of Lucile H. Lane, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    **ORDER** |
| **ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY**, | )<br>)<br>)<br>) |
| Defendant. | )<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Compel Discovery" (Document No. 41). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for review. Having carefully considered the motion, the record, applicable authority, and the arguments of the parties, the undersigned will grant the motion in part and deny the motion in part.

## I. BACKGROUND

Plaintiff Earl Kelley Lane ("Plaintiff"), as Executor of the Estate of Lucille H. Lane, initiated this action on July 26, 2010, with the filing of a "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina. The original complaint asserted a claim for breach of contract against Defendant Endurance American Specialty Insurance Company ("Defendant") and sought relief in the amount of $900,267.74. (Document No. 1-1, p.3). Defendant filed a "Notice Of Removal" (Document No. 1) to this Court on August 25, 2010.

On February 8, 2011, the undersigned allowed "Plaintiff's Motion To Amend Complaint." (Document No. 28). Plaintiff's "First Amended Complaint" (Document No. 32) was filed February

9, 2011.  The First Amended Complaint ("Complaint") added claims for: (1) tortious breach of contract – bad-faith refusal to settle;  and (2) unfair and deceptive trade practices; as well as additional relief including punitive or trebled damages.  (Document No. 32).

The crux of the Complaint is Plaintiff's contention that Defendant is liable for the judgment Plaintiff received in Chase Bank USA, N.A. v. Earl Kelley Lane, 3:09-CV-47-FDW-DCK (W.D.N.C. Jan. 24, 2011) ("Underlying Action"), against Nations Title Agency of the Carolinas, Inc. ("NTA-C").  (Document No. 32).  Plaintiff alleges that NTA-C and its corporate affiliates, including its parent company Nations Holding Co. ("NHC"), are insured under a policy of insurance issued by Defendant, and that the judgment in the Underlying Action is within the coverage terms of either a 2008-2009, or a 2009-2010 policy.  (Document No. 32, p.2).  Plaintiff argues that Defendant refused to settle or pay the judgment in the Underlying Action "without any just cause either in law or equity."  (Document No. 32, p.5).

The Plaintiff filed the instant motion (Document No. 41) on March 15, 2011.  "Defendant Endurance American Specialty Insurance Company's Memorandum In Opposition To Plaintiff's Motion To Compel Discovery" (Document No. 50) was filed on April 8, 2011.  On April 20, 2011, a "Reply Memorandum In Support Of Plaintiff's Motion To Compel Discovery" was filed.  As such, the pending motion to compel is now ripe for disposition.

## II. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the

2

> discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, courts may issue orders protecting parties or persons from harassment, annoyance, embarrassment, oppression, or undue burden or expense. See Fed.R.Civ.P. 26(c).

Whether to grant or deny a motion to compel is generally left within the District Court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

The pending motion to compel concerns "Plaintiff's First Set Of Interrogatories And Requests For Documents" (Document No. 41-2) served on January 10, 2011, and responded to by Defendant on February 28, 2011 (Document Nos. 41-3; 41-4). By the instant motion, Plaintiff challenges Defendant's refusal to fully comply with Interrogatory Nos. 6, 7, 8, 10 and 11, as well as Document Request No. 9. (Document No. 41-1, p.3). Plaintiff also contends that Defendant has improperly withheld 119 pages of documents pursuant to assertions of privilege. (Document No. 41-1, p.6). Plaintiff moves the Court for an order compelling Plaintiff to respond fully to its discovery requests, and for an award of reasonable attorneys' fees. Defendant contends that the motion to compel should be denied because it seeks information that is not relevant to Plaintiff's claims in this action, the requested disclosures would be unduly burdensome, and/or the requested disclosures would require revealing confidential and/or proprietary business information. (Document No. 50, p.1). The motion

to compel will be granted in part and denied in part, as described below.

A. **Interrogatories**

The following is a list of each interrogatory subject to the motion to compel, along with Defendant's answer and a brief update and/or analysis of the status of the request.

1. **Interrogatory No. 6**:

> 6. Identify all claims under the 2008-09 Policy or 2009-10 Policy, setting forth each such claim by (a) date of claim, (b) date of notice, (c) source of notice, (d) name of Insured(s) against whom claim was made, (e) whether you provided a defense for the claim, (f) whether you denied or admitted coverage, (g) status or resolution of the claim, and (h) if you refused to provide a defense or denied coverage, the reason for such action.
>
> ANSWER:
>
>> Objection. This request is vague, ambiguous, overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence in that it does not relate in any way to the issue of whether coverage exists under the policy for the default judgment.

(Document No. 41-3, p.6).

In response to the pending motion, Defendant further contends that Interrogatory No. 6 seeks the production of "information pertaining to other claims that Nations Title has submitted to Endurance that do not relate to the Underlying Action." (Document No. 50, p.10). Defendant argues that other claims Nations Title may have made under the policies at issue in this litigation are not relevant to Plaintiff's claims in this action. (Document No. 50, pp.10-11). Defendant also argues that the production of information responsive to this interrogatory would disclose confidential information of Nations Title that is unrelated to the Underlying Action. (Document No. 50, p.11).

Plaintiff contends that "Interrogatory No. 6 requests sufficient information to show whether

4

Endurance more indulgently regarded late notice issues for policy claims against NHC's solvent subsidiaries." (Document No. 51, p.6). Specifically, Plaintiff asserts that "[a]n evidentiary foundation thus exists to warrant discovery whether Endurance treated the insolvent NTA-C different from the solvent NHC subsidiaries in claims handling and/or made a business practice of abandoning insolvent insureds, to the detriment of their tort creditors." (Document No. 51, p.8).

After careful consideration, the undersigned finds that the information requested by this interrogatory is relevant to the claims in the Complaint and may lead to the discovery of admissible evidence. Moreover, the undersigned observes that Interrogatory No. 6 is specifically tailored to seek information related to Defendant's conduct regarding the policies of insurance it issued that are the subject of this litigation. Plaintiff's motion will be granted as to this interrogatory; Defendant shall provide Plaintiff with a full response to Interrogatory No. 6 on or before **May 31, 2006**.[1]

**2. Interrogatory No. 7**:

> 7. Identify all liability insurance claims for which you have withheld a defense, denied coverage or facilitated or acquiesced in a waiver or forfeiture of coverage on the basis, in part or in whole, of an express desire by an insolvent or defunct insured or the owner of such an insured to forfeit the insured's coverage, setting forth (a) the name of the insured; (b) the name of the party requesting to forfeit a defense or coverage; (c) the insurance policy type and number; and (d) the date of the claim.
>
> ANSWER:
>
>> Objection. This discovery request is vague, ambiguous, overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence and seeks information not relevant to Plaintiff's claims against Endurance. Endurance further objects to this request because it is not limited to a timeframe relevant to

---

[1] The parties may, of course, seek entry of an appropriate protective order.

5

> Plaintiff's claims against Endurance. Endurance further objects to the extent that this document request seeks information pertaining to Endurance'[s] internal policies or practices (as such information is neither relevant to the issues in this case nor reasonably calculated to lead to the discovery of admissible evidence) and is confidential and proprietary business information, as is information regarding Endurance's other insureds.

(Document No. 41-3, p.7).

Plaintiff asserts that this interrogatory "seeks to determine whether Endurance's apparently unlawful collusion with NHC to divest the insolvent NTA-C of coverage is a general business practice." (Document No. 41-1, p.4). Defendant contends that the information requested is not relevant to this action, and that a response "to this interrogatory would be unduly burdensome and would require the disclosure of Endurance's insureds' confidential information." (Document No. 50, p.6).

Regarding Interrogatory No. 7, the undersigned is not persuaded that the requested information is relevant to this lawsuit and reasonably calculated to lead to the discovery of admissible information. In short, this interrogatory appears to be overly broad, and therefore, the motion to compel will be denied as to this discovery request.

**3. Interrogatory No. 8**:

> 8. Identify all post-policy-period loss analyses or quantifications of the 2008-09 Policy and the dates of their preparation.
>
> ANSWER:
>
> > Objection. This request is unintelligible, vague, and ambiguous and appears to be overly broad and unduly burdensome, to seek irrelevant information, and to be not reasonably calculated to lead to the discovery of admissible evidence in that it does not relate in any way to the issue of whether coverage exists under the

policy for the default judgment.

(Document No. 41-3, p.7).

In spite of its original objection, Defendant's response to the pending motion states that it "has produced all non-privileged information and/or documents that are responsive to interrogatory number 8 to Plaintiff, including its entire underwriting file relating to the 2008-2009 Policy." (Document No. 50, p.12). In reply, Plaintiff does not refute that Defendant has provided the information requested, but now seeks to require Defendant "to clarify whether it produced the latest loss run." (Document No. 51, p.9)

Where a party declares that it "has produced *all* non-privileged information...." the undersigned interprets such a statement as indicating that the party has also included the *latest* non-privileged information that is responsive to the interrogatory. If Defendant is aware of additional non-privileged information or documents that are responsive to this interrogatory, that have not been produced thus far, it should immediately supplement its response.

**4. Interrogatory No. 10**:

> 10. Identify the origin and/or derivation, any draftsman (or draftsmen) of, and any communications or negotiations with any insured (under the 2008-09 Policy) concerning any of the policy forms comprising the 2008-09 Policy, including specifically but without limitation:
>
> a) the Declarations;
> b) the Forms and Endorsements Schedule;
> c) each General Change Endorsement, including specifically General Change Endorsement (Claim Reporting Threshold and Knowledge of Claim), Section VI.A., the clause beginning "but in no event later than" and concluding "if elected hereunder;"
> d) the Named Insured Amendment Endorsement, PL 0101 0407;
> e) the Premier Professional Liability Insurance Policy form, any clause thereof on which you rely in any defense to coverage, and the following Sections:

7

> i) Section V.D.
> ii) Section VI.A.
> iii) Section VII.A.
> iv) Section VIII.B., including specifically the final sentence thereof.
>
> ANSWER:
>
> > Objection. This discovery request is vague, ambiguous, overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence and seeks information not relevant to Plaintiff's claims against Endurance. Endurance further objects to this request because it is not limited to a timeframe relevant to Plaintiff's claims against Endurance. Endurance further objects to the extent that this document request seeks information pertaining to Endurance'[s] internal policies or practices (as such information is neither relevant to the issues in this case nor reasonably calculated to lead to the discovery of admissible evidence) and is confidential and proprietary business information.

(Document No. 41-3, pp.8-9).

Again, in spite of its original objections Defendant states in its response that it has "already provided to Plaintiff all non-privileged information and/or documents that are responsive to" interrogatories 10 and 11, and that it will separately provide Plaintiff the last known address for the underwriter involved in underwriting the policies. (Document No. 50, p.12). In its reply, Plaintiff does not appear to refute that Defendant has provided adequate responses to interrogatories 10 and 11, with the exception of information it still seeks regarding the underwriter. (Document No. 51, p.2). Plaintiff points out that Defendant has offered no explanation for why it objected to these requests and then later asserted that it had already produced and/or had no responsive information. Id.

Based on the foregoing, the undersigned finds that Defendant should be compelled to provide

the requested information regarding the underwriter, as previously promised. Defendant shall supplement it responses to Interrogatory Nos. 10 and 11 on or before **May 31, 2011**.

     **5. Interrogatory No. 11**:

     11. Identify the origin and/or derivation, any draftsman (or draftsmen) of, and any communications or negotiations with any insured (under the 2009-10 Policy) concerning any changes in the policy forms comprising the 2009-10 Policy, as compared to the 2008-09 Policy, including without limitation changes to the Named Insured Amendment Endorsement.

     <u>     ANSWER</u>:

> Objection. This discovery request is vague, ambiguous, overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence and seeks information not relevant to Plaintiff's claims against Endurance. Endurance further objects to this request because it is not limited to a timeframe relevant to Plaintiff's claims against Endurance. Endurance further objects to the extent that this document request seeks information pertaining to Endurance'[s] internal policies or practices (as such information is neither relevant to the issues in this case nor reasonably calculated to lead to the discovery of admissible evidence) and is confidential and proprietary business information.

(Document No. 41-3, p.9).

See the discussion above regarding Interrogatory No. 10.

**B. Document Production**

There appears to be one remaining specific document request in dispute.

**1. <u>Document Request No. 9</u>**:

     9. All company policies or procedures concerning claims adjustment and:

          a)     enforcement or waiver of policy provisions prescribing the

> form, source, content or timing of notice of claim; or
>
> b) insolvent insureds.
>
> ANSWER:
>
> > Objection. This discovery request is vague, ambiguous, overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence and seeks information not relevant to Plaintiff's claims against Endurance. Endurance further objects to this request because it is not limited to a timeframe relevant to Plaintiff's claims against Endurance. Endurance further objects to the extent that this document request seeks information pertaining to Endurance'[s] internal policies or practices (as such information is neither relevant to the issues in this case nor reasonably calculated to lead to the discovery of admissible evidence) and is confidential and proprietary business information.

(Document No. 41-4, p.4).

Similar to its response to Interrogatory Nos. 10 and 11, Defendant now contends that it "does not have any documents that are responsive to this category within its possession, custody, or control." (Document No. 50, p.13). Defendant offers no explanation reconciling its original strenuous objection to this request, with its current position that it simply does not have any documents responsive to this request.

### 2. Other Documents

Plaintiff's pending motion also sought an order from the Court compelling the production of 119 pages of documents for which Defendant has furnished a privilege log and declined to make available based on assertions of: (1) joint-defense and common-interest doctrines; (2) mediation privilege; (3) proprietary reserve information and relevance; and (4) confidential and proprietary information. (Document No. 41, p.1-2; Document No. 41-1, p.6). In response to the motion to

compel, Defendant contends that it has withdrawn its assertions of privilege as to certain documents, but that it continues to withhold certain other documents based on attorney-client privilege and/or work-product doctrine. (Document No. 50, p.13). Defendant further states that it is willing to submit these documents for *in camera* review. (Document No. 50, p.15).

Plaintiff now requests that the Court review *in camera* 15 specific pages that Defendant has thus far withheld pursuant to attorney-client or work-product privilege. (Document No. 51, pp.9-11).[2] The undersigned will respectfully request that Defendant have the aforementioned documents delivered to the undersigned's chambers as soon as possible for inspection, but not later than **May 20, 2011**. Defendant shall include a brief explanation of the privilege asserted for each of the 15 pages submitted.

## C. Attorney's Fees

Finally, Plaintiff also seeks leave to prove by affidavit appropriate fees and expenses that it contends should be awarded pursuant to Fed.R.Civ.P. 37. (Document No. 41; Document No. 51, p.11). Regarding a motion to compel, Rule 37 provides in pertinent part that

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> **(ii)** the opposing party's nondisclosure, response, or objection

---

[2] These documents are: EASIC-UF09-000065-68, 70; EASIC-UF09-000500; EASIC01000-003, 1008; and EASIC-UF09-000061-64.

> was substantially justified; or

> **(iii)** other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5)(A).

In this case, it appears that the parties consulted regarding the discovery issues subject to the motion and that Defendant made and then held firm to specific objections to the production of a significant amount of information and/or documents requested. Since the motion to compel was filed, Defendant seems to have withdrawn certain privilege assertions, stated that it has produced all responsive information, and/or announced that it does not have information responsive to certain discovery requests that it had originally objected to. Had Defendant clarified its position as to this information prior to the filing of the pending motion, the expenditure of significant time and resources of both parties, and the Court, might have been avoided.

As such, Plaintiff will be granted leave to prepare and file a motion and supporting affidavit, that details appropriate and reasonable fees and expenses Plaintiff incurred in making its "...Motion To Compel Discovery" (Document No. 41), on or before **May 20, 2011**. Defendant may file a timely response and show cause why the requested fees and expenses should not be allowed.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Compel Discovery" (Document No. 41) is **GRANTED in part** and **DENIED in part**, as fully described herein.

**IT IS FURTHER ORDERED** that the parties shall **SHOW CAUSE**, on or before **May 16, 2011**, why a report on the results of mediation has not been filed pursuant to the "Pretrial Order And Case Management Plan" (Document No. 8) and the undersigned's more recent "Order" (Document No. 43) granting the parties' joint motion to extend case deadlines.

Signed: May 9, 2011

David C. Keesler
United States Magistrate Judge