**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-401-MOC-DCK**

| | | |
|---|---|---|
| **EARL KELLEY LANE, Executor of the Estate of Lucile H. Lane,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **ORDER** |
| **ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY,** | ) ) ) | |
| **Defendant.** | ) ) | |
| _____ | ) | |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding the Court's previous "Order" (Document No. 53) requiring Defendant to submit certain documents for review, and allowing Plaintiff to provide further support for his request for fees and expenses associated with filing its "...Motion To Compel Discovery" (Document No. 41). The parties have made timely submissions, and the undersigned has carefully reviewed the relevant documents. Having fully considered the submissions of the parties, the record, and applicable authority, the undersigned will decline to grant Plaintiff further the additional relief sought by its "...Motion To Compel Discovery" (Document No. 41). Specifically, the Court will not order that Defendant be compelled to produce the documents in question, nor will the Court award fees and expenses.

## I. BACKGROUND

Plaintiff Earl Kelley Lane ("Plaintiff"), as Executor of the Estate of Lucille H. Lane, initiated this action on July 26, 2010, with the filing of a "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina. The original complaint asserted a claim for breach of contract against Defendant Endurance American Specialty Insurance Company ("Defendant")

and sought relief in the amount of $900,267.74. (Document No. 1-1, p.3). Defendant filed a "Notice Of Removal" (Document No. 1) to this Court on August 25, 2010.

On February 8, 2011, the undersigned allowed "Plaintiff's Motion To Amend Complaint." (Document No. 28). Plaintiff's "First Amended Complaint" (Document No. 32) was filed February 9, 2011. The First Amended Complaint ("Complaint") added claims for: (1) tortious breach of contract – bad-faith refusal to settle; and (2) unfair and deceptive trade practices; as well as additional relief including punitive or trebled damages. (Document No. 32).

The crux of the Complaint is Plaintiff's contention that Defendant is liable for the judgment Plaintiff received in <u>Chase Bank USA, N.A. v. Earl Kelley Lane</u>, 3:09-CV-47-FDW-DCK (W.D.N.C. Jan. 24, 2011) ("Underlying Action"), against Nations Title Agency of the Carolinas, Inc. ("NTA-C"). (Document No. 32). Plaintiff alleges that NTA-C and its corporate affiliates, including its parent company Nations Holding Co. ("NHC"), are insured under a policy of insurance issued by Defendant, and that the judgment in the Underlying Action is within the coverage terms of either a 2008-2009, or a 2009-2010 policy. (Document No. 32, p.2). Plaintiff argues that Defendant refused to settle or pay the judgment in the Underlying Action "without any just cause either in law or equity." (Document No. 32, p.5).

On March 15, 2011, Plaintiff filed its "...Motion To Compel Discovery" (Document No. 41), and "Memorandum in Support..." (Document No. 41-1). "Defendant Endurance American Specialty Insurance Company's Memorandum In Opposition To Plaintiff's Motion To Compel Discovery" (Document No. 50) was filed on April 8, 2011. On April 20, 2011, a "Reply Memorandum In Support Of Plaintiff's Motion To Compel Discovery" was filed. On May 9, 2011, the undersigned issued an "Order" (Document No. 53) granting in part and denying in part, "Plaintiff's Motion To Compel Discovery" (Document No. 41).

## II. DISCUSSION

### A. *In Camera* Review

At Plaintiff's request, the undersigned ordered Defendant to produce 15 particular pages of documents for *in camera* review: EASIC-UF09-000065-68, 70; EASIC-UF09-000500; EASIC01000-003, 1008; and EASIC-UF09-000061-64. (Document No. 51, p.9; Document No. 53, p.11). Plaintiff has expressed concern that "[t]o the extent these are ordinary claims adjustment notations, they are not attorney-client or work-product privileged." (Document No. 51, p.10). Defendant willingly offered the documents for review and submitted them to the Court on May 19, 2011. (Document No. 50, p.15).

It is Defendant's position that the documents in question "include correspondence between Endurance employees containing references to legal advice provided by Endurance's in-house attorney John Minett regarding this lawsuit, notes written by Mr. Minett pertaining to this lawsuit, drafts of correspondence written by Mr. Minett pertaining to this lawsuit, and records of Mr. Minett's conversations with Endurance's outside counsel." (Document No. 50, p.14).

The undersigned specifically ordered that "Defendant shall include a brief explanation of the privilege asserted **for each of the 15 pages** submitted." (Document No. 53, p.11) (emphasis added). Instead of strictly complying with the Order, Defendant's submission included five (5) brief explanations of certain categories of documents. Nevertheless, the undersigned has conducted a careful review of each page submitted and does not find good cause to compel the production of these documents.

### B. Plaintiff's Fees And Expenses

Plaintiff also sought leave to prove by affidavit appropriate fees and expenses that it contends should be awarded pursuant to Fed.R.Civ.P. 37. (Document No. 41; Document No. 51, p.11). The

undersigned's "Order" specifically granted Plaintiff "leave to prepare and file a motion and supporting affidavit, that details appropriate and reasonable fees and expenses Plaintiff incurred in making its '...Motion To Compel Discovery' (Document No. 41)."  (Document No. 53, p.12)

On May 16, 2011, Plaintiff's counsel filed the "Declaration Of J. Daniel Bishop In Support Of Fee Application" (Document No. 56).  Plaintiff's "Declaration..." basically describes counsel's billing rate and attaches a chart showing the time spent on the motion to compel, but does not include any detail or legal authority.  Moreover, it appears that Plaintiff seeks an award of all fees and expenses associated with the motion to compel even though the Court granted the motion in part and denied the motion in part.

On May 20, 2011, "Defendant's Response To Plaintiff's Declaration..." (Document No. 57) was filed.  "Defendant's Response..." makes a persuasive argument that the facts, as well as relevant legal authority, do not justify an award of fees and expenses.  To date, Plaintiff has not filed a reply to Defendant's response.

After careful consideration of Plaintiff's "Declaration..." and "Defendant's Response...," the undersigned is not persuaded that Plaintiff has presented a compelling claim for fees and expenses in this instance.  First, the undersigned notes that Plaintiff failed to "file a motion and supporting affidavit," including adequate detail to describe and justify a reasonable award of fees and expenses, as instructed by the Court's previous "Order" (Document No. 53).  In addition, although Defendant may have missed opportunities to clarify its position regarding issues related to "Plaintiff's Motion To Compel Discovery" (Document No. 41), and thus save "significant time and resources of both parties, and the Court," the undersigned is not convinced that Defendant's actions, or lack thereof, were sufficiently egregious to merit an of award fees and expenses.  (Document No. 53).

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that the additional relief sought Plaintiff's "...Motion To

Compel Discovery" (Document No. 41) is **DENIED**.


Signed: June 6, 2011


David C. Keesler
United States Magistrate Judge